IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
WICHITA, KANSAS

| | |
|---|---|
| MARK ALAN HODGE,<br>1524 s. 2nd STREET<br>Tucumcari, NM 88401<br><br>        Plaintiff<br><br>        v.<br><br>UNION PACIFIC RAILROAD COMPANY<br>Serve:<br>Registered Agent:<br>The Corporation Company, Inc.<br>515 South Kansas Avenue<br>Topeka, Kansas 66603<br><br>RP TRUCKING AND<br>Serve:<br>P.O. Box 31<br>Sublette, Kansas 67877<br><br>ARAMANDO R. GOMEZ<br>Serve:<br>1125 North Roosevelt Avenue<br>Liberal, Kansas 67901<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 07-1161-WEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

**COUNT I**
**FEDERAL EMPLOYERS' LIABILITY ACT**

COMES NOW Plaintiff, Mark A. Hodge, by and through his attorneys, Bryan P. Cartall, and E.L. (Lee) Kinch and for his cause of action against the Defendant Union Pacific Railroad Company, (hereinafter "Defendant") in Count I of this Complaint states:

1.  Jurisdiction is proper in that this cause of action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. § 51,  et sequitur, and 28 U.S.C. §1331.

1

2. Defendant is and was at all times herein mentioned a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

3. Defendant operates trains and transportation of freight in and between the several states including Kansas and is and was at all times herein mentioned engaged in business in the state of Kansas. Furthermore, Defendant was at all times herein engaged in business in Wichita, Kansas.

4. At all times material hereto, Mr. Hodge was employed by the Defendant as a locomotive engineer. Parts of his duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and at all times material hereto, Plaintiff was employed by and engaged with the Defendant in interstate commerce.

5. On or about June 8, 2005 it became and was Plaintiff's duty to work as a locomotive engineer. In or near Kingsdown, Kansas, Plaintiff hit a loaded grain truck, operated on behalf of RP Trucking and driven by Armando R. Gomez, when it stopped on a grade crossing as the train approached. Plaintiff was unable to stop the moving train in time to avoid the grain truck stopped on the grade crossing, and two vehicles collided. When the vehicles collided, the seat adjustment mechanism for the seat upon which Plaintiff was seated failed and caused Plaintiff to be thrown forward into the operator's console.

6. At all relevant times mentioned herein, Plaintiff was acting within the course and scope of his duties as an employee of Defendant.

7. Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of Defendant in that it failed to provide a reasonably safe place to work, reasonably safe conditions for work and reasonably safe appliances for work. Defendant's failure to

properly maintain the engineer's seat constituted a violation of 49 U.S.C. 2701 et seq (the "Locomotive Inspection Act") and 49 C.F.R. 229.7 and 49 C.F.R. 229.119(a). The negligence of Defendant, although not limited to the following respects, was the direct cause, in whole or in part, of Plaintiff's injuries, to wit:

    a.    Defendant was negligent in one or more of the following ways:

    b.    Defendant negligently failed to inspect, maintain and/or repair the subject seat adjustment mechanism when Defendant knew, or by the exercise of ordinary care should have known, that by reason of its poorly maintained condition, it was likely that Plaintiff would be injured thereby.

    c.    Defendant negligently failed to implement a regularly scheduled inspection, maintenance and repair program for the seat adjustment mechanism on its railroad line and on those other railroad lines in which its employees were assigned to work when Defendant knew, or by the exercise of ordinary care should have known, that in failing to do so Plaintiff would likely be injured thereby.

    d.    Defendant negligently failed to adequately warn Plaintiff that the subject seat adjustment mechanism was in a defective condition even though Defendant knew, or by the exercise of ordinary care should have known, that in failing to do so that plaintiff would likely be injured thereby.

    e.    Defendant negligently failed to properly train, educate and supervise its locomotive engineers by requiring and overseeing that they inspected and maintained the subject seat adjustment mechanism regularly when its

employees, including Plaintiff, were required in the performance of their duties to sit in the seat.

  f. Defendant negligently failed to oversee and supervise the inspection, maintenance and repair of the seat adjustment mechanism on its railroad line and on those other railroad lines in which its employees were assigned to work when Defendant knew, or by the exercise of ordinary care should have known, that in failing to do so Plaintiff would likely be injured thereby.

  8. As a direct result of the aforesaid negligence of Defendant, Plaintiff suffered injuries to his body, particularly his shoulder, neck, back and spine because of a defective and inadequate seat on the Defendant's locomotive. These injuries resulted in severe pain, mental anguish, muscle spasms, and causing Plaintiff to undergo extensive medical treatment, including but not limited to multiple surgeries. Despite the length of time since his injuries, Plaintiff continues to have significant problems and suffers from severe pain and mental anguish. Plaintiff's injuries as set forth above were caused by the incident described herein and/or said injuries were pre-existing asymptomatic conditions which were aggravated by the injuries described herein.

  9. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future. The strength, use and function of Plaintiff's shoulder, neck, back and spine and his general health and strength have been permanently weakened, diminished and impaired. Mr. Hodge has incurred hospital, medical and pharmaceutical expenses, which he will continue to incur in the future; he has lost wages and will continue to lose wages in the future; his future ability to earn has been

substantially diminished.  Due to said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.  Also, as a direct result of these injuries, plaintiff has suffered the loss of his fringe benefits and will in the future lose fringe benefits.  Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services and he has suffered various other injuries and damages as a result of the negligence of Defendant. .  By reason of the facts herein alleged, Plaintiff has suffered damages in excess of minimum jurisdiction limits of this Court.

## COUNT II

10.	On or about June 8, 2005 it became and was Plaintiff's duty to work as a locomotive engineer.  Plaintiff hit a loaded grain truck, operated on behalf of Defendant, RP Trucking and driven by Defendant, Armando R. Gomez, when it stopped on a grade crossing near Kingsdown, Kansas as Plaintiff's train approached.  Plaintiff was unable to stop his moving train in time to avoid the grain truck stopped on the grade crossing, and the two vehicles collided.  When the collision occurred, Plaintiff was thrown forward into the operator's console of his locomotive causing him to be seriously injured.

11.	At all relevant times mentioned herein, Plaintiff was acting within the course and scope of his duties as an employee of Union Pacific Railroad, and Defendant Gomez was acting within the course and scope of his employment with RP Trucking.

12.	Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of Defendants RP Trucking and Armando Gomez.  The negligence of Defendants, although not limited to the following respects, was the direct cause, in whole or in part, of Plaintiff's injuries, to wit:

a.  Defendant negligently failed to stop within 50 feet, but not less than 15 feet from the rail of the railroad where the incident occurred, when there were clearly visible signals giving warning of the immediate approach of a railroad train as indicated in Chapter 8, Article 15.-Uniform Act Regulating Traffic; Rules of the Road, section 8-1551;

b.  Defendant negligently failed to stop within 50 feet, but not less than 15 feet from the rail of the railroad where the incident occurred, when the approaching train was plainly visible and is in hazardous proximity to such crossing;

c.  Defendant negligently failed to implement Chapter 8, Article 15 of the Uniform Act Regulating Traffic; Rules of the road, Section 8-1553 which states that Defendant must stop before crossing at grade any track or tracks of a railroad within 50 feet but not less than 15 feet from the nearest rail of such railroad and while so stopped shall listen and look in both directions along such track for any approaching train, and for signals indicating the approach of a train and shall not proceed until such driver can do so safely;

d.  Defendant negligently failed to maintain a proper lookout as a person of ordinary prudence would have done under the same or similar circumstances and knew or should have known that in failing to do so that Plaintiff would likely be injured thereby;

6

   e. Defendant negligently failed to insure traffic was clear before proceeding and knowing that in failing to do so Plaintiff would likely be injured thereby; and

   f. Defendant negligently failed to take proper evasive action to avoid the collision and knowing that in failing to do so Plaintiff would likely be injured thereby.

  13. As a direct result of the aforesaid negligence of Defendant, Plaintiff suffered injuries to his body, particularly his shoulder, neck, back and spine because of a defective and inadequate seat on the Defendant's locomotive.  These injuries resulted in severe pain, mental anguish, muscle spasms, and causing Plaintiff to undergo extensive medical treatment, including but not limited to multiple surgeries.  Despite the length of time since his injuries, Plaintiff continues to have significant problems and suffers from severe pain and mental anguish.  Plaintiff's injuries as set forth above were caused by the incident described herein and/or said injuries were pre-existing asymptomatic conditions which were aggravated by the injuries described herein.

  14. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future.  The strength, use and function of Plaintiff's shoulder, neck, back and spine and his general health and strength have been permanently weakened, diminished and impaired.  Mr. Hodge has incurred hospital, medical and pharmaceutical expenses, which he will continue to incur in the future; he has lost wages and will continue to lose wages in the future; his future ability to earn has been substantially diminished.  Due to said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.  Also, as a

direct result of these injuries, plaintiff has suffered the loss of his fringe benefits and will in the future lose fringe benefits.  Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services and he has suffered various other injuries and damages as a result of the negligence of Defendant. .  By reason of the facts herein alleged, Plaintiff has suffered damages in excess of minimum jurisdiction limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant in an amount in excess of the minimal jurisdiction limits; for his costs; for pre-judgment and post-judgment interest, for his attorneys' fees; for trial by jury at the Wichita, Kansas location; and for all other relief to which he may be entitled.

Respectfully submitted,

s/ Bryan P. Cartall

Bryan P. Cartall, TX - Bar No. 03907300
5126 Fredericksburg Road, Suite 462
San Antonio, Texas 78229
Telephone:  (210) 344-1111
Facsimile:   (210) 344-5844
E-Mail          firm@cartall.com


s/ E. L. Lee Kinch

E. L. Lee Kinch, KS - Bar No. 06406
345 Riverview, Suite 700
Wichita, Kansas  67203
Telephone: (316) 265-3366
Facsimile: (316) 265-3427
E-Mail:   kinchel@sbcglobal.net

ATTORNEYS FOR PLAINTIFF

## **REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests trial hereof by jury at the Wichita, Kansas location.

                                                  s/ Bryan P. Cartall  
                                                  s/ E. L. Lee Kinch  
                                                  Attorneys for Plaintiff